

# NUMBER 13-24-00602-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DILLON KELLER LITTLETONWILSON,                 Appellant,

v.

THE STATE OF TEXAS,                                 Appellee.

## ON APPEAL FROM THE 213TH DISTRICT COURT
## OF TARRANT COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and Fonseca
### Memorandum Opinion by Justice Silva

The cause is before the Court on its own motion.[1] On November 27, 2023, appellant filed a notice of appeal attempting to appeal a judgment adjudicating guilt in trial court case number 1671380. We now dismiss the appeal for want of jurisdiction.

---

[1] This case is before the Court on transfer from the Second Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

On November 27, 2023, the trial court issued a "Trial Court's Certification of Defendant's Right of Appeal" indicating that this "is not a plea-bargain case, and the defendant has the right of appeal." However, on February 18, 2025, the trial court issued a second amended certification of defendant's right of appeal indicating that "defendant has waived the right of appeal." Upon review of the record before us, it appears appellant entered a plea agreement in trial court cause number 1788067 wherein, in exchange for his plea of guilt, appellant agreed to waive his right of appeal in trial court cause number 1671380, the matter which is now before this Court.

Upon review of the documents filed, the trial court has certified that appellant has waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). On February 19, 2025, we ordered appellant's counsel to review the record and determine whether appellant had a right of appeal. On February 20, 2025, appellant's counsel responded to the Court's order concluding that "[a]ppellant voluntarily waived his right to appeal," "the trial court correctly amended the certification," and "the appeal should be dismissed."

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not indicate that the defendant has the right of appeal. *See id.* R. 25.2(d), 37.1, 44.3. Accordingly, this case is dismissed for want of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of April, 2025.